UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| **JEFFREY KING, Individually and as Administrator of the ESTATE OF ALBERTA KING, Deceased** <br> 10148 Coronation Court – Unit 1 <br> Florence, KY 41042 <br><br> **Plaintiffs,** <br><br> VS. <br><br> **WATSON PHARMACEUTICALS, INC.** <br> 311 Bonnie Circle <br> Corona, CA 92880 <br>   SERVE:  CT CORPORATION SYSTEM <br>               4169 Westport Road <br>               Louisville, KY 40207 <br><br> **Defendant.** | CASE NO._____ <br><br> **COMPLAINT WITH** <br> **JURY DEMAND** |

## COMPLAINT

Come now the Plaintiffs, by and through counsel, and for their Complaint against the Defendant, Watson Pharmaceuticals, Inc., state as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times complained of herein, Plaintiff, Jeffrey King, Individually and as Administrator of Alberta King, Deceased, was the husband of Alberta Jo King and a resident and citizen of Florence, Boone County, Kentucky, and at the time of her wrongful death, Albert Jo King was a resident and citizen of Florence, Boone County, Kentucky.

2. On January 7, 2009, Jeffrey King was qualified and duly appointed as Administrator of the Estate of Albert Jo King by Order of the Boone County Probate Court.

3. At all times complained of herein, the Defendant, Watson Pharmaceuticals, Inc., (hereinafter "Watson"), was and is a corporation engaged in the business of fabricating, designing, manufacturing, constructing, formulating, developing standards for, preparing, processing, assembling, inspecting, testing, certifying, instructing, marketing, advertising, packaging, labeling, selling, distributing, and/or supplying fentanyl pain patches with their headquarters and principal place of business in California.

4. The Defendant Watson has transacted business and supplied services and goods within Boone County, Kentucky, and at all relevant times herein has fabricated, designed, manufactured, constructed, formulated, developed standards for, prepared, processed, assembled, inspected, tested, certified, instructed, marketed, advertised, packaged, labeled, sold, distributed, and/or supplied, fentanyl pain patches into commerce in Boone County, Kentucky and, therefore, has sufficient minimum contacts with the Commonwealth of Kentucky.

5. Subject matter of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Defendant because the Defendant transacts business, and the wrongs complained of herein arose, in the state of Kentucky.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to Plaintiffs' claims occurred in, and because the Defendant transacts business in, this district.

**STATEMENT OF FACTS**

8. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

9. That this suit arises out of the wrongful death of Alberta King due to the wrongful conduct of Defendant. Ms. King was given a prescription for 100 mcg Watson fentanyl transdermal patches. Ms. King was wearing one of these patches (the "fentanyl pain patch") at the time of her death, and it was the cause of her death.

10. That the fentanyl pain patch was designed, manufactured, marketed and/or distributed by Watson Pharmaceuticals, Inc. Watson fentanyl transdermal patches also came in other sizes such as 25, 50 and 75 mcg. As referenced herein, the "fentanyl pain patch" shall refer to Watson fentanyl transdermal patches of any size unless specified otherwise.

11. That the fentanyl pain patch is a matrix patch containing the drug fentanyl. Fentanyl is an extremely dangerous drug that is at least 80 times stronger than morphine. Fentanyl is classified as a Schedule II controlled substance by the FDA and is generally used to relieve pain.

12. That the fentanyl pain patch is applied by the patient and delivers fentanyl through the patient's skin. Watson Pharmaceuticals, Inc. designs, manufactures, markets and sells the fentanyl pain patch with the intention that it will release a certain amount of fentanyl into a patient at a certain rate, and thus produce a certain level of fentanyl in the blood of the patient. In other words, if a patch functions as intended and it is properly used by the patient, the patient should not receive a harmful dose of fentanyl. Alberta King never abused the fentanyl pain patch or used it inappropriately.

13. That the fentanyl pain patch is unsafe for its intended or reasonably foreseeable use because it can and does cause lethal levels of fentanyl in patients.

14. That Alberta King was prescribed the fentanyl pain patch for pain, and Alberta King died on November 1, 2008 as a result of fentanyl toxicity.

## COUNT I

### (PRODUCTS LIABILITY – STRICT LIABILITY)

15. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

16. That Defendant fabricated, designed, manufactured, constructed, formulated, developed standards for, prepared, processed, assembled, inspected, tested, certified, instructed, marketed, advertised, packaged, labeled, sold, distributed, and/or supplied, the aforementioned fentanyl pain patch in a defective and unreasonably dangerous condition, thereby creating an unreasonable risk of harm for any and all foreseeable users, including Alberta King.

17. In the alternative, Defendant Watson, as wholesaler, distributor, and/or retailer, knew or should have known that the fentanyl pain patch was designed, manufactured, constructed, formulated, developed standards for, prepared, processed, assembled, inspected, tested, certified, instructed, marketed, advertised, packaged, labeled, sold, distributed, and/or supplied in a defective and unreasonably dangerous condition, thereby creating an unreasonable risk of harm for any and all foreseeable users, including Alberta King.

18. There was a risk of harm, which risk is inherent in the fentanyl pain patch or may arise from the intended or reasonably foreseeable use and/or misuse of the patch, and which risks were scientifically discoverable at the time of the sale and of the exposure.

19. Defendant Watson, who exercised substantial control over the content of the warnings and/or instructions, knew or should have known of the risks at the time it marketed and sold the fentanyl pain patch but failed to provide warnings of the dangers or instructions for safe use and/or failed to provide adequate warnings and/or instructions.

20. The absence of such warnings and/or instructions rendered the product unsafe for its intended or reasonably foreseeable use.

21. That as a direct and proximate result of the Defendant's conduct, Alberta King died on November 1, 2008.

22. That as a further and direct proximate result of Defendant's conduct, as set forth above, the Estate of Alberta King has incurred funeral, burial, probate and medical expenses, pain and suffering of the decedent, and loss of the decedent Alberta King's estate of the power to earn money, all to its damage.

## COUNT II

### (NEGLIGENCE)

23. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

24. The Defendant owed a duty to Alberta King, Deceased, to fabricate, design, manufacture, construct, formulate, develop standards for, prepare, process, assemble, inspect, test, certify, instruct, market, advertise, package, label, sell, distribute, and/or supply the fentanyl pain patch in question with due care for the safety of the Deceased and others. This duty included, among other things, the duty to assure by testing that the fentanyl pain patch in question would not malfunction upon proper use; and/or the duty to properly warn any and all foreseeable users regarding use of the fentanyl pain patch in question, and/or the possibility of a malfunction of the fentanyl pain patch and/or the risks associated with such a malfunction.

25. Defendant, who exercised substantial control over the content of the warnings and/or instructions, knew or should have known of the risks at the time it marketed and sold the

fentanyl pain patch but failed to provide warnings of the dangers or instructions for safe use and/or failed to provide adequate warnings and/or instructions.

26. Defendant, who exercised substantial control over the content of the warnings and/or instructions, knew or should have known of the risks at the time it marketed and sold the fentanyl pain patch but failed to provide warnings of the dangers or instructions for safe use and/or failed to provide adequate warnings and/or instructions.

27. The absence of such warnings and/or instructions rendered the product unsafe for its intended or reasonably foreseeable use.

28. That by its conduct, including but not limited to; its failure to conduct sufficient testing of the safety of the fentanyl pain patch or to assure that such testing was performed; its failure to sufficiently inspect the fentanyl pain patch in question; and/or its failure to properly warn any and all foreseeable users, including the Deceased, regarding use of the fentanyl pain patch, the possibility of a malfunction of the fentanyl pain patch and/or the risks associated with such a malfunction, and/or failing to have adequate warnings and/or labeling advising of the dangers and associated risks with the use of the aforementioned fentanyl pain patch, the Defendant breached its duty owed to the Plaintiff's decedent, Alberta King.

29. That as a direct and proximate result of the Defendant's conduct, Alberta King died on November 1, 2008.

30. That as a further and direct proximate result of Defendant's conduct, as set forth above, the Estate of Alberta King has incurred funeral, burial, probate, and medical expenses, pain and suffering of the decedent, and loss of the decedent Alberta King's estate of the power to earn money, all to its damage.

## COUNT III

### (BREACH OF WARRANTY)

31. Plaintiffs incorporate by reference all proceeding paragraphs as if fully set forth herein and further allege as follows:

32. The Defendant impliedly and/or expressly warranted that the fentanyl pain patch in question was reasonably safe for its intended and foreseeable use.

33. The Defendant breached these warranties by, including but not limited to, its failure to equip the fentanyl pain patch with safeguards to protect any and all foreseeable users from severe injury and/or death; its failure to sufficiently inspect for any defects in the fentanyl pain patch in question; its failure to properly warn users, including Alberta King, regarding use of the fentanyl pain patch and/or the risks associated with use of the fentanyl pain patch.

34. That as a direct and proximate result of the Defendant's conduct, Alberta King died on November 1, 2008.

35. That as a further direct and proximate result of Defendant's conduct, as set forth above, the Estate of Alberta King has incurred funeral, burial, probate and medical expenses, pain and suffering of the decedent, and loss of the decedent Alberta King's estate of the power to earn money, all to its damage.

## COUNT IV

### (LOSS OF SPOUSAL CONSORTIUM)

36. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

37. At all times herein, Plaintiff, Jeffrey King, was lawfully married to Alberta King, Deceased.

38. As a direct and proximate cause of the Defendant's aforesaid conduct, Pursuant to KRS section 411.145, Plaintiff, Jeffrey King, has suffered and will suffer in the future the loss of services, support, society, affection and companionship of his wife, Alberta King, all to his damage.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. For an award of compensatory damages against Defendant in an amount to be determined by the jury, consistent with the evidence;

B. For Plaintiffs' costs herein expended, including reasonable attorney's fees;

C. For any and all other relief to which he may appear to be entitled, including punitive damages.

D. For a trial by jury.

RESPECTFULLY SUBMITTED,

SCHACHTER, HENDY & JOHNSON, P.S.C.

BY: _/s/ Ronald E. Johnson_____
   PAUL J. SCHACHTER
   PENNY UNKRAUT. HENDY
   RONALD E. JOHNSON, JR.
   909 Wright's Summit Parkway, Suite 210
   Ft. Wright, KY 41011
   Phone:  (859) 578-4444
   Fax:    (859) 578-4440

ATTORNEYS FOR THE PLAINTIFFS